IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEIZURE OF:<br><br>ACCOUNT #00000148403<br>    Century Bank & Trust, in the name of<br>    David B. Settles d/b/a<br>    Milledgeville Thunder Rally<br><br>    and<br><br>ACCOUNT #410001948<br>    Magnolia Bank, in the name of<br>    South Creek, Inc.,<br><br>DAVID SETTLE,<br><br>    Claimant | Re:  SEIZURE WARRANT<br><br>NO. 5: 08-MJ-05-11 (CWH) |

## **O R D E R**

The parties in the above-captioned matter having this day come before the undersigned for a hearing necessitated by the filing of a **MOTION FOR RELEASE OF SEIZED PROPERTY** on behalf of DAVID SETTLE, claimant; and,

The undersigned having heard from Ms. Laura D. Hogue, counsel for the claimant, and Assistant U. S. Attorney Donald L. Johstono, counsel for the government, concerning claimant's motion to return to him the $44,989.89 heretofore seized by the government in accordance with a SEIZURE WARRANT issued by the undersigned on May 30, 2008; and,

Upon consideration of argument of both counsel and the proffer of counsel for Mr. Settle, the undersigned finds that DAVID SETTLE is entitled to release of said $44,989.89 in accordance with provisions of 18 U.S.C. §983(f)(1), the court specifically finding that (1) claimant has a possessory interest in said property; (2) claimant has sufficient ties to the community to provide assurance that the property will be available at the time of the trial; (3) the continued possession by the government pending final disposition of forfeiture proceedings will cause substantial hardship to the claimant; and (4) claimant's likely hardship from the continued possession by the government of the seized property outweighs the risk that the property will be destroyed, damaged, lost, concealed, or transferred if it is returned to the claimant during the pendency of the proceeding. In addition, the court has not been made aware of any contention by the government that the conditions set forth in paragraph (8) of 18 U.S.C. §983(f) are applicable.

However, the court further finds that, despite the strong ties of the claimant to his community, additional security is necessary to assure that property returned to claimant will not be destroyed, damaged, lost, concealed, or transferred pending disposition of the claim.

Accordingly, pursuant to provisions of 18 U.S.C. §983(f)(6) and (7), IT IS ORDERED AND DIRECTED that the $44,989.89 heretofore seized be returned to DAVID SETTLE, <u>provided</u> he post a bond with the Clerk of Court in that amount in accordance with provisions of Rule E(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims.[1] Said bond shall be secured by a commercial bond or real property in accordance with the court's requirements for secured bonds posted in criminal proceedings.

SO ORDERED AND DIRECTED, this 27th day of AUGUST, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] **Release of Property.**

    **(a)** Special Bond. Whenever process of maritime attachment and garnishment or process in rem is issued the execution of such process shall be stayed, or the property released, on the giving of security, to be approved by the court or clerk, or by stipulation of the parties, conditioned to answer the judgment of the court or of any appellate court. The parties may stipulate the amount and nature of such security. In the event of the inability or refusal of the parties so to stipulate the court shall fix the principal sum of the bond or stipulation at an amount sufficient to cover the amount of the plaintiff's claim fairly stated with accrued interest and costs; but the principal sum shall in no event exceed (i) twice the amount of the plaintiff's claim or (ii) the value of the property on due appraisement, **whichever is smaller**. The bond or stipulation shall be conditioned for the payment of the principal sum and interest thereon at 6 per cent per annum. (Emphasis added).